UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/2/08

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STUART KERESTAN,                                :

              Plaintiff,            :

        -against-                            :

MERCK & CO. LONG TERM DISABILITY       :
PLAN & MERCK & CO.,
                                        :

            Defendants.            :

                                        :

05 Civ. 3469 (BSJ) (AJP)

**OPINION AND ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        For the reasons stated at yesterday's conference (see transcript), plaintiff Stuart Kerestan is sanctioned $1,600, payable to defendants as reimbursement for defendants' legal fees in connection with the settlement conference (and settlement memorandum), and $3,400 payable to the Clerk of Court. Despite ample warning, plaintiff's guardian/conservator did not appear at the settlement conference as ordered, which left plaintiff's counsel without a client or authorization to proceed with settlement or the litigation. The sanction therefore is warranted under Rule 16(f) and the Court's inherent authority. See, e.g., Dan River, Inc. v. Crown Crafts, Inc., 98 Civ. 3178, 1999 WL 287327 at *2 (S.D.N.Y. May 7, 1999) (Peck, M.J.) (& cases cited therein); see also, e.g., Negron v. Woodhull Hosp., 173 Fed. Appx. 77, 78-79 (2d Cir. 2006) (where defendant violated the district court's order to "'appear and mediate in good faith' . . . [by] disobey[ing] the instructions of the

mediator by failing to bring a principal party with settlement authority to the mediation," the district court properly required defendant to pay plaintiff's expenses in preparing for the mediation); Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-96 (8th Cir. 2001) (Affirming district court's imposition of sanction payable to Clerk of Court for failure to send appropriate client representative to ADR conference.); PHLO Corp. v. Stevens, 00 Civ. 3619, 2001 WL 1398652 at *1-2 (S.D.N.Y. Nov. 9, 2001) (Plaintiff ordered to pay defendant's travel costs plus further sanction to Clerk of Court for plaintiff's failure to attend settlement conference.); Mordechai v. St. Luke's-Roosevelt Hosp. Center, 99 Civ. 3000, 2001 WL 699062 at *1-2 (S.D.N.Y. June 20, 2001) (where plaintiff failed to appear at two settlement conferences and the court, via order, informed plaintiff that sanctions would result if plaintiff failed to appear at the second settlement conference, plaintiff ordered to pay defendant's attorneys' fees for the second settlement conference plus further monetary sanction to Clerk of Court); Hughes v. The Lillian Goldman Family, LLC, 00 Civ. 2388, 2000 WL 1228996 at *1-2 (S.D.N.Y. Aug. 30, 2000) (Defense counsel ordered to reimburse other parties' attorney fees for settlement conference where defendant was "represented at a settlement conference by an attorney who knows nothing about the case and who has not brought his client with him," dooming the settlement conference to failure and burdening other parties and the Court.).

In addition, as stated at the conference (see transcript), because there is no client to instruct plaintiff's counsel, the litigation is stayed until the later of: (a) the appointment of a

C:\OPIN\

conservator for Mr. Kerestan and that conservator's cooperation with plaintiff's counsel and the Court

and attendance at a settlement conference, and (b) payment of the $5,000 in sanctions.

        SO ORDERED.

Dated:      New York, New York
             July 2, 2008

                                                        **Andrew J. Peck**
                                                        United States Magistrate Judge

Copies **by fax & ECF** to:      John W. DeHaan, Esq.
                                      Paul M. Kampfer, Esq.
                                        Randi F. Knepper, Esq.
                                        Judge Barbara S. Jones